IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-06-478 |
| | * | |
| JOHNNIE EBERHART | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Johnnie Eberhart is a forty-one-year-old federal prisoner, currently incarcerated at Manchester FCI, serving a 140-month sentence for drug trafficking. Now pending is Eberhart's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 421, 450). Eberhart seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (ECF 452), and Eberhart has replied, (ECF 453). For the reasons explained below, the motion will be denied.

### BACKGROUND

In October 2007, Eberhart pled guilty to one count of conspiracy to distribute and possess with intent to distribute a mixture containing heroin, in violation of 21 U.S.C. § 846 for his involvement with a bulk distributor of heroin in the Northwest Baltimore region. (ECF 139, Plea Agreement). Eberhart obtained bulk quantities of heroin on a regular basis and separated the drug into individual vials for street sales. (Presentence Report ¶ 7). As part of his plea, Eberhart admitted that it was reasonably foreseeable to him that the conspiracy distributed between 1 and 3 kilograms. (*Id.*).[1]

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18

---

[1] Mr. Eberhart's Plea Agreement and Presentence Report are not on the public docket in this case, but were provided to the court by Mr. Eberhart's trial counsel.

1

U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Eberhart submitted a request for compassionate release to the warden of FCI Manchester on October 19, 2020; his request was denied on November 27, 2020. (ECF 450-3). The government does not contest that Eberhart has properly exhausted his administrative remedies. Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Eberhart's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning

what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Eberhart argues that his risk of developing serious illness related to COVID-19 due to his underlying medical condition (obesity) constitutes an "extraordinary and compelling reason" to reduce his sentence. (ECF 450-1 at 8). According to the Centers for Disease Control ("CDC"), people with obesity at an increased risk of severe illness (meaning hospitalization, intensive care, the need for a ventilator, or death) from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Apr. 29, 2021). Further compounding the risk to Eberhart is the mere fact of his incarceration. *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."); *COVID-19: For People Living in Prisons and Jails*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (updated Mar. 5, 2021) ("Living in prisons and jails puts you at higher risk for getting COVID-19 because: it may be hard to stay at least 6 feet away . . . from other people; there may not be enough space to keep people with COVID-19 away from others; you may be sharing space with someone who has the virus and does not know it . . . ; staff or visitors may have the virus and not know it.").

In late August 2020, Eberhart tested positive for COVID-19. (*See* ECF 450-4, Medical Records, at 2). He experienced mild symptoms, including a cough, a sore throat, and chest congestion which largely resolved by early September. (*See* ECF 452-1, Medical Records, at 21–26). The government argues that Eberhart's recovery from COVID-19 shows that the virus poses no compelling risk to him. The court disagrees. Though rare, "[c]ases of reinfection with COVID-19

have been reported," and there is much the medical community still does not know about the likelihood of reinfection and how severe a case of reinfection is likely to be. *COVID-19: Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020). Because there is a "potential for rapid deterioration in a COVID-19 patient's condition," *United States v. Rachal*, 470 F. Supp. 3d 63, 65 (D. Mass. 2020), and Eberhart's underlying medical condition signals an increased danger of severe illness should he become reinfected, the court finds that Eberhart has demonstrated an extraordinary and compelling reason for his release.[2]

Eberhart's risk of severe illness from COVID-19 does not, however, end the court's inquiry. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief.

The court must consider Eberhart's history and characteristics and also the need for the sentence imposed to protect the public from further crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). Eberhart's conduct was serious – he participated in a conspiracy to distribute a very large quantity of heroin in Northwest Baltimore. Eberhart also has a serious criminal record. His prior convictions include an additional drug distribution offense and a conviction for attempted first degree murder. (Presentence Report ¶¶ 24, 27). Eberhart served five years in state prison for the attempted murder

---

[2] The government also argues that Eberhart is not eligible for compassionate release unless the court finds him not a danger to the community under 18 U.S.C. § 3412(g), citing U.S.S.G. § 1B1.13, which advises that in order to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), the court must determine (1) extraordinary and compelling reasons warrant the reduction, (2) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and (3) the reduction is consistent with the U.S.S.C's policy statements. But as stated *supra*, U.S.S.G. § 1B1.13 applies only to motions for sentence reduction brought on behalf of defendants by the BOP and thus is not applicable to Eberhart's motion. *See McCoy*, 981 F.3d at 281–82; *United States v. Kibble*, 992 F.3d 326, 330–31 (4th Cir. 2021). At any rate, in addressing the § 3553(a) factors, the court considers the need for the sentence to "protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(C), an inquiry which implicitly requires the court to assess Eberhart's danger to the community.

4

conviction and was less than one year into a five-year probation term when he was arrested for the instant offense. (*Id.* ¶ 27).

      The court must also ensure that a sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* § 3553(a)(2)(A)–(B). Eberhart has served 67 months, nearly half of his 140-month sentence and less than the mandatory minimum sentence for conspiracy convictions involving the distribution of this quantity of heroin. *See* 21 U.S.C. § 841(b)(1)(A). Eberhart argues that in evaluating whether his sentence is sufficient to accomplish the purposes of § 3553(a), the court should consider that he has been continuously incarcerated for 173 months, as he was sentenced in Maryland state court to twelve years imprisonment for the violation of his probation stemming from the instant offense, of which he served nearly nine years before beginning his federal sentence. Eberhart further argues that if sentenced today, Eberhart's guideline range would be significantly reduced because he would no longer qualify as a career offender. The court finds, on review of the sentencing transcript, that the 140-month sentence Judge Motz imposed appropriately accounted for both circumstances. At sentencing, Eberhart faced a guideline range of 210 to 262 months, largely due to his status as a career offender. (ECF 381, Sentencing Tr. at 5). While Judge Motz recognized that the designation applied to Eberhart, he did not believe the guideline sentence that resulted adequately reflected Eberhart's culpability or other mitigating factors, including that all parties were aware that Eberhart could serve a significant portion of the twelve-year sentence the state court imposed. (*Id.* at 12–14). Eberhart's sentence is within the range counsel contends he would face today. *See United States v. Lee*, No. DKC 12-0493, 2020 WL 4053352, *4 (D. Md. Jul. 20, 2020) (court may consider a "changed [sentencing] landscape when considering the goals of sentencing").

## CONCLUSION

For the foregoing reasons, Eberhart's motion for compassionate release (ECF 421) will be denied. The associated motions to seal (ECFs 449, 451) will be granted to protect the confidentiality of personal information. .A separate Order follows.


  5/17/2021                                       /S/                                   
Date                                              Catherine C. Blake
                                                  United States District Judge